# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **ELITE EQUPMENT LEASING, LLC,** <br> Debtor. | Case No. **1:25-bk-10145-BPH** |
| **RELIABLE CRANE SERVICE, LLC,** <br> Debtor. | Case No. **1:25-bk-10146-BPH** |
| **RELIABLE CONSTRUCTION SERVICES, LLC,** <br> Debtor. | Case No. **1:25-bk-10147-BPH** |
| **CHAMPION CRANE RENTAL, INC.,** <br> Debtor. | Case No. **1:25-bk-10148-BPH** |
| **CHAMPION CRANE HOLDINGS, LLC,** <br> Debtor. | Case No. **1:25-bk-10149-BPH** |
| **RELIABLE PHOENIX, LLC,** <br> Debtor. | Case No. **1:25-bk-10150-BPH** |

# ORDER

In these Chapter 11 cases, the Debtors filed an "Application to Approve Employment of Professional" on September 7, 2025, at ECF No. 16 requesting authority to employ Epiq Corporate Restructuring, LLC ("Professional") as claims, noticing, and solicitation agent for the estates. Upon review of the Application and the Declaration of Professional, the Court is satisfied that Professional is qualified to perform the tasks associated with employment. In addition, the Court is satisfied that Professional represents no interest substantially adverse to Debtors or the estate and employment is necessary and in the best interest of the estate. Accordingly,

IT IS ORDERED:

1. The Debtors are authorized to employ Epiq under the terms of the Engagement Letter attached to the Application as modified by this Order.

2. Epiq is authorized and directed to perform the services as described in the Application, the Engagement Letter, and this Order. If a conflict exists, this Order controls.

3. The Clerk shall provide Epiq with Electronic Case Filing ("ECF") credentials that allow Agent to receive ECF notifications, file certificates and/or affidavits of service.

4. Epiq is a custodian of court records and is designated as the authorized repository for all proofs of claim filed in these cases. Epiq shall maintain the official Claims Register(s) in these cases. Epiq must make complete copies of all proofs of claims available to the public electronically without charge. Proofs of Claims and all attachments may be redacted only as ordered by the Court.

5. The Agent must not transmit or utilize the data obtained by the Agent in exchange for direct or indirect compensation from any person other than the Debtors.

6. Epiq shall provide the Clerk with a certified duplicate of the official Claims Register(s) upon request.

7. Epiq shall provide (i) an electronic interface for filing proofs of claim in these cases; and (ii) a post office box or street mailing address for the receipt of proofs of claim sent by United States Mail or overnight delivery.

8. Epiq is authorized to take such other actions as are necessary to comply with all duties and provide the Services set forth in the Application and the Engagement Letter.

9. Epiq shall provide detailed invoices setting forth the services provided and the rates charged on a monthly basis to the Debtors, their counsel, the Office of the United States Trustee, counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices in writing.

10. Epiq shall not be required to file fee applications. Upon receipt of Epiq's invoices, the Debtors are authorized to compensate and reimburse Epiq for all undisputed amounts in the ordinary course in accordance with the terms of the Engagement Letter. All amounts due to Epiq will be treated as § 503(b) administrative expenses. Epiq may apply its advance in accordance with the Engagement Letter and the terms of this Order.

11. The Debtors shall indemnify Epiq under the terms of the Engagement Letter, as modified and limited by this Order. Notwithstanding the foregoing, Epiq is not indemnified for, and may not receive any contribution or reimbursement with respect to:

a. For matters or services arising before this case is closed, any matter or service not approved by an order of this Court.

b. Any matter that is determined by a final order of a Court of competent jurisdiction that arises from (i) Epiq's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty (ii) a contractual dispute if the court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) any situation in which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002). No matter governed by this paragraph may be settled without this Court's approval.

c. This paragraph does not preclude Epiq from seeking an order from this Court requiring the advancement of indemnity, contribution or reimbursement obligations in accordance with applicable law.

d. In the event that Agent seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Agent's own applications, and determined by this Court after notice and a hearing.

e. Agent shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court.

12. Epiq shall not cease providing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court. In the event Epiq is unable to provide the Services set out in this Order and/or the Engagement Letter, Epiq will immediately notify the Clerk and the Debtors' attorney and cause all original proofs of claim and data turned over to such persons as directed by the Court.

13. After entry of an order terminating Epiq's services, Epiq shall deliver to the Clerk an electronic copy in pdf format of all proofs of claim. Once the electronic copy has been received by the Clerk, Epiq may destroy all proofs of claim in its possession sixty days after filing a Notice of Intent to Destroy on the Court's docket.

14. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Epiq's services may be altered only on further order of this Court.

Dated October 9, 2025.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana